**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                     No. 96-4173

GIOVANNI CORSINO, a/k/a Dee,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.
                                                       No. 96-4174
NORMAN BERNARD DISTANCE, JR.,
a/k/a Butchy,
Defendant-Appellant.

Appeals from the United States District Court
for the District of Maryland, at Baltimore.
Benson E. Legg, District Judge.
(CR-95-236-L)

Argued: April 11, 1997

Decided: May 14, 1997

Before HAMILTON, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Sheryl Joyce Lowenthal, LAW OFFICE OF BARRY HALPERN, Coral Gables, Florida; William B. Purpura, Baltimore, Maryland, for Appellants. Robert Reeves Harding, Assistant United States Attorney, Baltimore, Maryland, for Appellee. **ON BRIEF:** Barry Halpern, LAW OFFICE OF BARRY HALPERN, Coral Gables, Florida, for Appellants. Lynne A. Battaglia, United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellants Norman Distance and Giovanni Corsino appeal their sentences for conspiracy to distribute drugs and related crimes. Distance and Corsino both challenge the district court's determination of the quantity of drugs involved in their drug conspiracy, and Distance also appeals the district court's denial of his requests for downward adjustments for mitigating role and acceptance of responsibility. Because none of these challenges is meritorious, we affirm the sentences of both appellants.

I.

During the course of a year-long DEA investigation into drug distribution activities in East Baltimore, a cooperating witness, Craig Bydume, learned that Distance and Corsino were engaged in drug distribution. Distance introduced Bydume to Corsino in November of 1994, and over the ensuing months Bydume had several contacts with Distance and Corsino, engaged in drug transactions with them, and collected extensive evidence of their drug dealings. For example, Bydume purchased 59 grams of heroin from Distance and Corsino on

February 22, 1995, and, on that same day, provided information to authorities that led to the seizure of one kilogram of cocaine from Brian Wiggins, moments after Wiggins purchased that cocaine from Distance and Corsino. Additionally, Bydume tape-recorded his March 23, 1995, conversation with Corsino in which Corsino said that he did ten "keys" a month, J.A. at 214-16, 225-26, an amount which was confirmed by "owe" sheets which were recovered from Corsino's apartment on June 15, 1995. Bydume also learned through conversations with members of the conspiracy that Distance and Corsino were supplying drugs to at least eight of Bydume's acquaintances.

Distance and Corsino were convicted by a jury for conspiracy to distribute cocaine and conspiracy to distribute heroin in violation of 21 U.S.C. § 846, and for possession with intent to distribute heroin and possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). Distance was also convicted of possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). Corsino received a sentence of 200 months imprisonment, and Distance received a sentence of 235 months and a concurrent sentence of 60 months. Distance and Corsino were also ordered to forfeit a total of $4.8 million in drug proceeds or substitute assets, to be equally divided between the two of them.

II.

Distance and Corsino argue that the district court's calculation of the drug quantities attributable to their conspiracy was clearly erroneous. However, the record reveals that there was more than adequate support for the district court's finding.

The district court found that the amount of drugs reasonably foreseeable to both Distance and Corsino was fifty kilograms, which placed them at a base offense of 36 under U.S.S.G.§ 2D1.1. This finding was supported by the testimony of Craig Bydume, the "owe" sheets found in Corsino's apartment, and the tape-recorded conversation in which Corsino said he dealt ten kilograms a month. The appellants argue that the court's finding was clearly erroneous because Bydume's testimony is "unreliable," the "owe" sheets were for an indeterminate period of time, and Corsino's statements in the taped conversation were "puffing." However, the jury which found Distance

and Corsino guilty of two drug conspiracies apparently found Bydume credible, and also returned a forfeiture verdict of $4.8 million, which was predicated on sales of one-hundred ninety two kilograms of cocaine. Corsino's statement that he dealt ten kilograms a month cannot be dismissed as mere "puffing" because it was consistent with the "owe" sheets found in his apartment. Furthermore, Bydume testified that he learned that Distance and Corsino were supplying drugs to Gregory Morris, Vincent Culpepper, Sherman Grant, Donald Duncan, Kevin Powell, "Bay-Bay," "Chuck," and "Little Man," thus indicating a broad conspiracy. Corsino's friend "Cortland" told Bydume that Cortland had been making trips to New York to bring drugs back to Baltimore for Corsino for several months. J.A. at 151. And when Bydume tried to buy fourteen grams of heroin from Corsino, Corsino insisted that he would not sell the heroin in quantities smaller than fifty grams. J.A. at 169. When all of these facts are put together, the district court's calculation of the drug quantities appears conservative, and certainly not clearly erroneous.

III.

Distance argues that the district court committed clear error in denying him a downward adjustment for mitigating role under U.S.S.G. § 3B1.2 because he was a "minor participant" in the conspiracy. Although Distance's culpability may have been less than Corsino's, Distance's significant role in the conspiracy cannot be gainsaid. Distance was the middle-man who introduced Baltimore customers to Corsino, who was a New Yorker. Distance also introduced Bydume to Corsino, relayed to Corsino Bydume's interest in purchasing heroin, discussed price and quantities with Bydume, and was present on one of the two occasions when Bydume received drugs from Corsino and when Corsino sold the kilogram of cocaine to Brian Wiggins. Therefore, the district court did not err, much less clearly err, in denying Distance a downward adjustment for mitigating role.

IV.

Finally, Distance argues that the district court committed clear error in denying him a downward adjustment under U.S.S.G. § 3E1.1(a) for acceptance of responsibility. He asserts that he was

4

eager to plead guilty to the drug counts against him, but that he wanted a hearing regarding drug quantity. However, Distance has failed to establish that he accepted responsibility for his extensive criminal activity because he never admitted to the large drug quantities that were eventually attributed to him and did not disclose information regarding his drug activities to the government. Therefore, the district court's ruling was not clearly erroneous.

For the reasons stated herein, we affirm the judgment of the district court.

<u>AFFIRMED</u>

5